IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JANE DOE,

          Plaintiff,

v.

KRISTI NOEM, Secretary of the Department
of Homeland Security; U.S. DEPARTMENT
OF HOMELAND SECURITY; TODD LYONS,
Acting Director of Immigration and Customs
Enforcement; and U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT,

          Defendants.
_____

Case No. 6:25-cv-00632-MC

OPINION & ORDER

MCSHANE, Judge:

      Plaintiff Jane Doe alleges that Defendants unlawfully terminated her F-1 student status in the Student Exchange Visitor Information System (SEVIS), terminating her authorization to work and study in the United States. Compl. ¶¶ 1, 4, ECF No. 1. She seeks a temporary restraining order (TRO) restoring her status. Mot. TRO, ECF No. 6. For the reasons discussed below, Plaintiff's Motion for a Temporary Restraining Order is GRANTED.

1 – OPINION AND ORDER

The standards for issuing a temporary restraining order are similar to those required for a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1323 (N.D. Cal. 1995). A plaintiff seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008). When the government is a party, as here, the third and fourth factors merge. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014).

Ms. Doe has a shown a likelihood of success on the merits of her Administrative Procedures Act claim (Count 2), which alleges that Defendants unlawfully terminated her F-1 student status in SEVIS.[1] On the record before the Court, where Defendants cannot explain a reason for the termination, Ms. Doe is likely to show that the termination of her F-1 student status was not in compliance with 8 C.F.R. § 214.1(d), and was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

Ms. Doe has also shown that she will face irreparable harm without injunctive relief. When her status was terminated, she lost her work authorization and her sole source of income.

---

[1] To the extent Defendants argue, as they did in *Ortega Gonzalez v. Noem et al.*, Case No. 6:25-cv-00622-MC, that Plaintiff's student status was not terminated, but that instead only her SEVIS record was terminated, the Court notes that the reason given for the termination of Ms. Doe's SEVIS record was "OTHERWISE FAILING TO MAINTAIN STATUS - Individual identified in criminal records check and/or has had their VISA revoked. SEVIS record has been terminated." Compl. ¶ 34. The Court sees no other way to interpret this than as a termination of her F-1 student status.

She cannot continue her studies. Ms. Doe has a limited window of time to apply for Optional Practical Training and she cannot without an active SEVIS record.

Finally, the balance of equities weighs in Ms. Doe's favor. Defendants asked for more time so they could investigate the matter, but they did not identify any hardship that would arise from restoring Ms. Doe's student status in the meantime. Ms. Doe is a valuable member of the local community and the public interest weighs in favor of restoring her student status.

A fourteen-day temporary restraining order will prevent irreparable harm while allowing the parties time to conduct any needed discovery and more fully brief the issues. The Court also waives the bond requirement of Rule 65. *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009).

## **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Temporary Restraining Order (ECF No. 6) is GRANTED. Defendants are ENJOINED for a period of fourteen days from April 21, 2025, as follows: 1) Defendants shall restore Plaintiff's F-1 student record in the Student and Exchange Visitor Information System (SEVIS); 2) Defendants shall set aside the April 4, 2025 F-1 student record termination as to Plaintiff; 3) Defendants shall not terminate Plaintiff's student record in SEVIS absent a valid ground as set forth in 8 C.F.R. §§ 214.1(d)(g); 214.2(f). 4) Defendants are prohibited from detaining or transferring Plaintiff out of this Court's jurisdiction, or ordering the detention or transfer of Plaintiff out of this Court's jurisdiction, as a result of the termination of the F-1 student record in SEVIS on April 4, 2025; and 5) Defendants are prohibited from initiating removal proceedings against or deporting Plaintiff on the basis of

the April 4, 2025 termination of the F-1 student record in SEVIS. It is furthered ORDERED that the security requirement of Rule 65(c) is waived.

IT IS SO ORDERED.

DATED this 24th day of April, 2025.

<u>/s/ Michael McShane</u>
Michael McShane
United States District Judge